IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-263-BO

| | | |
|---|---|---|
| ANNA L. CUMMINGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| CAROLYN COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on plaintiff's motion for summary judgment [DE 20] and defendant's motion for judgment on the pleadings [DE 23]. A hearing was held in Elizabeth City, North Carolina on December 15, 2015. For the reasons detailed below, this matter is REMANDED for further consideration by the Commissioner.

## BACKGROUND

Plaintiff applied for Title II disability insurance benefits and a period of disability on August 4, 2010. [Tr. 55]. Plaintiff alleges an onset date of July 23, 2010. [Tr. 57]. Her date last insured was December 31, 2012. *Id.* Her claim was denied initially and upon reconsideration. *Id.* A hearing was held before an Administrative Law Judge (ALJ) on January 30, 2013 in Wilmington, North Carolina. *Id.* The ALJ issued an unfavorable decision for plaintiff. [Tr. 52]. The Appeals Council denied plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner, on September 9, 2014. [Tr. 1]. Plaintiff then sought review in this Court.

Plaintiff was 37 years old on her alleged onset of disability date and 39 on her date last insured; she is now 42 years old. [Tr. 57, 66]. She has a high school education and no past

relevant work. [Tr. 66]. Plaintiff has a history of degenerative disc disorder, open reduction internal fixation of facial fractures, carpal tunnel syndrome, myocardial infarction with angina, temporomandibular joint syndrome (TMJ), mood disorder, bipolar disorder, and post traumatic stress disorder (PTSD). [Tr. 77].

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the Court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

To find a claimant disabled, an ALJ must conclude that the claimant satisfies each of five steps. 20 C.F.R. § 404.1520(a)(4). First, a claimant must not be able to work in a substantial gainful activity. *Id.* Second, a claimant must have a severe physical or mental impairment or combination of impairments. *Id.* Third, a claimant's impairment(s) must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, a claimant must not have the residual functional capacity to meet the demands of claimant's past relevant work. *Id.* Finally, the claimant must not be able to do any other work, given the claimant's residual functional capacity, age, education, and work experience. *Id.* The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

2

Here, the ALJ found that plaintiff did not engage in substantial gainful employment between her alleged onset date of July 23, 2010, and her date last insured of December 31, 2012. [Tr. 57]. Next, the ALJ determined that plaintiff's history of degenerative disc disorder, open reduction internal fixation of facial fractures, carpal tunnel syndrome, myocardial infarction with angina, temporomandibular joint syndrome (TMJ), mood disorder, bipolar disorder, and post traumatic stress disorder (PTSD) was a severe combination of impairments. *Id.* However, none of plaintiff's impairments met or equaled a listing. [Tr. 58]. At step four, the ALJ found that, through the date last insured, plaintiff was capable of performing sedentary work with limitations. [Tr. 61]. Plaintiff could never climb ladders, ropes, or scaffolds, balance for safety on dangerous surfaces, crouch, or crawl. *Id.* She could never work around hazards such as unprotected heights or dangerous moving machinery. *Id.* She was to avoid exposure to weather extremes. *Id.* She could carry out simple, routine, repetitive tasks for two hours and adapt to workplace routine changes. *Id.* She could occasionally interact with others. *Id.* She could have tasks assigned to be completed at the end of the workday. *Id.* She required a sit/stand option at her workplace every thirty minutes. *Id.* Finally, though plaintiff had no past relevant work, the ALJ concluded that there are jobs that exist in significant numbers in the national economy that claimant can perform. [Tr. 66]. A vocational expert testified that these jobs include employment as an order clerk, document preparer, or ticket checker. [Tr. 67]. Accordingly, the ALJ found claimant was not disabled between her alleged onset date of July 23, 2010, and her date last insured of December 31, 2012. *Id.* Plaintiff now seeks review of the ALJ's determination that she is not disabled.

Discussion of plaintiff's mental impairments dominated discussion at the hearing. Nevertheless, the ALJ all but dismissed these conditions, stating multiple times that plaintiff had

not sought mental health treatment. [Tr. 62, 64]. However, examination of the record belies this assertion. As the government acknowledged at the hearing, in November 2012, plaintiff obtained a psychiatric evaluation as a new patient at Coastal Horizons Center. [Tr. 1089]. The evaluation noted a history of suicidal ideation, suicide attempt(s), depression, anxiety, and restricted affect. [Tr. 1090–91]. The evaluation notes that the doctor discussed plaintiff's diagnosis and her prognosis, as well as medication and the risks and benefits of treatment options with plaintiff. [Tr. 1093]. From this, it is apparent that plaintiff was seeking treatment for her mental health disorders. From the ALJ's decision, it is apparent that this fact was not considered.

Not only was the fact that plaintiff was seeking treatment not considered in its own right, the misconception that plaintiff had not sought mental health treatment was also used as a basis to discredit evidence supporting plaintiff's claims of mental health impairments. For example, the ALJ was dismissive of plaintiff's Global Assessment of Functioning (GAF) score of 50 in part because "despite the claimant's allegations of severe mental health limitations, she has not sought mental healthcare treatment from a mental health professional." [Tr. 64]. Additionally, plaintiff's rating of her depression as an "8" on a 1–10 scale was similarly treated, with the ALJ noting "[a]lthough she had not sought mental health treatment or counseling, she reported having daily suicidal ideation." [Tr. 64]. These excerpts from the decision make it clear the ALJ's misconception was used against plaintiff in two ways: as a basis for undermining plaintiff's mental health problems and as a detractor to both plaintiff's credibility and the weight given doctors who addressed her mental health impairments. This was in error.

Remand, rather than reversal, is required when the ALJ fails to explain his reasoning and there is ambivalence in the medical record, precluding a court from "meaningful review." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013) (citing *Kastner v. Astrue*, 697 F.3d 642,

4

648 (7th Cir. 2012)). On remand, the ALJ is to consider the fact that plaintiff sought mental health treatment, the evaluation from Coastal Horizons Center's psychiatrist and any other records implicating plaintiff's mental health, and reevaluate the weight given treatment providers who addressed plaintiff's mental health.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for summary judgment [DE 20] is GRANTED, defendant's motion for judgment on the pleadings [DE 23] is DENIED, and the matter is REMANDED to the Commissioner for further proceedings consistent with this decision.

SO ORDERED, this 23 day of December, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE